IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 22 2017
BY_____ARTHUR JOHNSTON_____DEPUTY

NEIL STEGALL   Pro Se  )  Case No: 3:17-cv-771
an individual,          )
        Plaintiff,      )  Judge: DPJ
V.                      )
                        )  Magistrate Judge: FKB
                        )
TRAVIS USRY             )
and BACK FORTY SEAFOOD  )
RESTAURANT  dba         )
                        )
        Defendant       )
_____)

## COMPLAINT

COMES NOW the plaintiff(s), Neil Stegall, appearing pro se, and for a complaint against the defendant above named, states, alleges, and avers as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

### GENERAL ALLEGATIONS

3. The plaintiff, is a citizen of the State of Mississippi, United States of America.

4. Defendant, TRAVIS USRY, dba, BACK FORTY SEAFOOD RESTAURANT, own and at all times pertinent to the complaint have owned a commercial business, seafood restaurant, at 6330 Steve Lee Drive, Lake, MS.

5. Plaintiff is an individuals with disabilities that cause a mobility impairment. Plaintiff use(s) a wheelchair for mobility. Plaintiff wants to continue to patronized the defendants' seafood restaurant, but there are no designated handicap parking spots at the establishment and it is inaccessible to persons using wheelchairs.

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., establishing the most important civil rights law for persons with disabilities in our country's history.

7. The Congressional statutory findings include:

   a. "some 43,000,000 Americans have one of more physical or mental disabilities . . .;

   b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   c. "discrimination against individuals with disabilities ties persists in such critical areas as . . .public accommodations;

   d. "individuals with disabilities continually encounter various forms of discrimination, including . . .the discriminatory effects of architectural . . .

   e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous . . ."42 U.S.C. section l2101(a).

8. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

   a. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   c. "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. section 12101(b).

9. Congress gave commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.

10. Nevertheless, BACK FORTY SEAFOOD RESTAURANT at 6330 Steve Road, Lake, MS, has not eliminated the handicap parking issue barriers that prevents persons using wheelchairs from parking in a designated handicap parking spot entering this commercial establishment.

11. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. section 12181.

12. Congress included a "restaurant" as a public accommodation covered by the Act. 42 U.S.C. section 12181.

13. Defendant's business at 6330 Steve Lee Road, Lake, MS is a restaurant.

14. As relevant to the present action, discrimination includes, "not providing designated handicap parking spots for persons in wheelchairs and a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." 42 U.S.C.. section 12182(b)(2)(A)(iv).

15. The U.S.. Department of Justice, in promulgating the federal regulations to implement this Act, defines "readily achievable" to mean "easily accomplishable and able

3.

to be carried out without much difficulty or expense," including ["installing reserved parking, tow away signs, for wheelchairs only or whatever is needed]."28 C.F.R.. section 36.304(a) - (c).

16. Other commercial facilities similar to the defendant's have made similar modifications, like what I ask here. Defendant could easily make its business accessible but has chosen not to comply with The Americans with Disabilities Act.

17. To assist businesses with complying with the ADA, Congress has enacted a tax credit for small businesses and a tax deduction for all businesses. See Section 44 and 190 of the IRS Code. An eligible small business is allowed a tax credit equal to 50% of the amount of the eligible access expenditures between $250 and $10,500 for any tax year. A business that removes architectural barriers e.g., by modifying ramps, grading, entrances, doors and doorways, may receive an annual tax deduction of up to $15,000 each year.

18. Plaintiffs desires to enjoy a meal at the defendant's restaurant,.

## FIRST CLAIM OF RELIEF

19. Pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., and the federal regulations promulgated pursuant to this Act, 28 C.F.R. §36.304, defendant was to make the commercial facility at 6330 Steve Lee Drive, Lake, MS accessible by January 26, 1992. To date, defendant has not.

20. By failing to provide wheelchair only parking spots where such is achievable, defendant discriminates against plaintiffs and violates the Americans with Disabilities Act.

4.

WHEREFORE, the plaintiffs, pray that the Court issue an injunction enjoining the defendant from continuing its discrimination and that the Court award plaintiffs such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted

*/s/ Neil Stegall*

Neil Stegall  
415 South First Ave., # I-1  
Forest, MS 39074  
601-469-0878  
nstegall2004@yahoo.com